John J. MALONE

v.

Adelaide LEVIN, Appellant.

No. 11865.

United States Court of Appeals Third Circuit.

Argued June 5, 1956.

Decided June 21, 1956.

Joseph F. McVeigh, Philadelphia, Pa., for appellant.

Francis J. Lynch, Upper Darby, Pa. (Reilly & Pearce, Upper Darby, Pa., on the brief), for appellee.

Before MARIS, KALODNER and HASTIE, Circuit Judges.

MARIS, Circuit Judge.

The plaintiff, the tenant of an apartment at 226 South 56th Street, Philadelphia, brought suit in the district court against his landlord, under the Housing and Rent Act of 1947, as amended, for rent overcharges during the period of one year preceding the filing of the complaint. The court found that the apartment was a controlled housing accommodation within the meaning of section 202 of the Act, 50 U.S.C.A. Appendix, § 1892, that the maximum rent was $80 per month and the rent actually charged $100 per month and that the overcharge was willful. The court accordingly entered judgment in favor of the plaintiff for treble damages and a counsel fee.

The defendant has appealed and urges that the court erred in holding that the apartment in question was a controlled housing accommodation within the meaning of the Act. She asserts that she comes within the following exception to section 202 granted by the Housing and Rent Act of 1949, 50 U.S.C.A. Appendix, § 1892(c):

"(c) The term 'controlled housing accommodations' means housing accommodations in any defense-rental area, except that it does not include—

\* \* \* \* \* \*

"(3) any housing accommodations \* \* \* which are housing accommodations created by a change from a nonhousing to a housing use on or after February 1, 1947 \* \* \*."

The defendant points out that she and her husband occupied the apartment as their own residence until October 6, 1949 when she rented it to the plaintiff and she contends that on that date it became a housing accommodation which was created by a change from a nonhousing to a housing use and it thus was excepted

from control under the provisions of section 202(c) (3) which we have quoted. It may be conceded that the apartment in question first became a housing accommodation within the meaning of section 202(c)(3) on October 6, 1949. For section 202(b) defines "housing accommodations" as any building, structure or part thereof rented or offered for rent for living or dwelling purposes. But we cannot agree that the defendant's apartment became a housing accommodation by a change from a nonhousing to a housing use, the method which section 202(c) (3) requires.

On the contrary, in the absence of a definition of "nonhousing use" and "housing use" in the Act, and there is none, we must take these phrases to have their ordinary meaning. The legislative history fortifies us in this conclusion. The Senate Committee Report on the Housing and Rent Act of 1949 (Senate Report No. 127, 81st Cong., 1st Sess.) states (p. 13) "Paragraph (3) of section 202(c) would be amended to exclude from the definition of controlled housing accommodations any housing accommodations created by a change from a nonhousing to a housing use on or after February 1, 1947. This has been done by regulation under the present law." The regulation referred to was section 825.1(b) (2) (ii) of the Controlled Housing Rent Regulation (24 C.F.R., 1949 ed. § 825.1(b) (2) (ii)) which defined a conversion which created additional housing accommodation as "(1) a change in a structure from a nonhousing to a housing use or (2) a structural change in a residential unit or units involving substantial alterations, or remodeling and resulting in the creation of additional housing accommodations."

It is thus obvious that Congress intended that the phrase "change from a nonhousing to a housing use" should mean, a change in the nature of the occupancy from business, industrial or some other non-dwelling use to use as a dwelling for human habitation. Such a change ordinarily involves a change in the structure itself, as the regulation

stated. It is, therefore, impossible to hold that a change from the use of an apartment by the owners as their dwelling place to its use by a tenant as his dwelling place is a change from a non-housing to a housing use even though that change may for the first time have made the apartment a "housing accommodation" within the special definition of the Housing and Rent Act. For the use of an apartment as a dwelling by one who owns it is every bit as much a housing use as its use for that purpose by a tenant.

We conclude that what section 202(c)(3) of the Housing and Rent Act contemplated was the creation of a new housing unit in a building theretofore devoted to commercial, manufacturing or other non-housing uses. It was to encourage such additions to the supply of needed housing that the exception was granted. No such result was to be gained by merely transferring an existing apartment from owner to tenant occupancy and neither the purpose nor the language of the statute applied to that situation.

The judgment of the district court will be affirmed.

Murrah, Circuit Judge, dissented in part on petition for rehearing.